## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Sid Brooks

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Bankruptcy Case No. |
| CHRISTOPHER WATERMAN, | ) | 10-35794-SBB |
| | ) | Chapter 13 |
| Debtor. | ) | |
| | ) | |
| Last four digits of SS#: 3855. | ) | |

**APPEARANCES:**

Jesse Aschenberg, Esq.                    William R. Lambert, Esq.
Amy D. Desai, Esq.                        P.O. Box 1169
4610 S. Ulster Street                     Denver, CO 80201
Suite 150                                 ATTORNEY FOR
Denver, CO 80237                          SALLY ZEMAN, STANDING
ATTORNEYS FOR THE DEBTOR                  CHAPTER 13 TRUSTEE

### MEMORANDUM OPINION AND ORDER
### (1) DENYING, AS MOOT, CONFIRMATION OF DEBTOR'S AMENDED CHAPTER 13 PLAN OF REORGANIZATION, FILED ON DECEMBER 28, 2010 (DOCKET #34); (2) GRANTING DEBTOR'S MOTION TO DETERMINE SECURED STATUS PURSUANT TO 11 U.S.C. § 506 (DOCKET # 22); (3) OVERRULING STANDING CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN (DOCKET # 46); AND (4) CONFIRMING DEBTOR'S AMENDED CHAPTER 13 PLAN OF REORGANIZATION, FILED ON JANUARY 31, 2011(DOCKET #48)

THIS MATTER came before the Court on February 9, 2011, for a continued hearing regarding confirmation of Debtor's Amended Chapter 13 Plan of Reorganization, filed December 28, 2010 (Docket #34), and the Objection thereto by the Standing Chapter 13 Trustee, filed on January 14, 2011 (Docket #46). Prior to the hearing, the Debtor filed his Amended Chapter 13 Plan on January 31, 2011 (Docket #48). The Plan at issue in this opinion is the Amended Chapter 13 Plan of January 31, 2011 (Docket #48).

The Court, having reviewed the pleadings, including, among others, the "Brief of Debtor in Support of His § 506 Motion in a Chapter 13 filed within 4 Years of his Chapter 7," filed on January 5, 2011, the "Brief in Support of the Trustee's Argument that Debtor cannot Strip the Lien on his Second Mortgage," filed on January 5, 2011, and the Debtors' "Notice of Supplemental Authority," filed on February 3, 2011, and the within case file, makes the following findings of fact, conclusions of law and enters the following Order.

**I.      Background**

### A.    The First Bankruptcy Case

Debtor Christopher Scott Waterman ("Debtor") filed for relief under Chapter 7 of the Bankruptcy Code on January 13, 2009.  His case was designated as Case No. 09-10457-SBB ("First Bankruptcy Case").  Debtor indicated in his Schedule A of his First Bankruptcy Case that his residence was 9982 Hawthorne Street, Highlands Ranch, Colorado 80126 ("Residence").  Debtor stated in his Schedule D filed in the First Bankruptcy Case that First National Bank was the holder of a second deed of trust on the Residence.  On April 23, 2009, the Debtor was granted his discharge in the First Bankruptcy Case.

### B.    The Second Bankruptcy Case

The Debtor, who is (and was in the First Bankruptcy Case) a mortgage broker, continued to endure economic hardship because of the housing market downturn.  In addition, between the First Bankruptcy Case and the Second Bankruptcy Case, the Debtor separated from his spouse and his divorce is now final.  This resulted in the loss of second income to the household and divorce expenses, which caused the Debtor to fall behind in his mortgage payments and other financial obligations.  Consequently, Debtor filed the present Chapter 13 proceeding on October 11, 2010, and the case was designated as Case No. 10-35794-SBB ("Second Bankruptcy Case").

Each of the Debtor's Chapter 13 Plans filed in this case propose to cure the arrearages on his first mortgage in order to keep the house, which he argues is necessary to his reorganization.  Debtor also seeks to remove the lien of the second mortgage—or "strip" the lien—because of a significant reduction in the value of the Residence.

Debtor filed a Motion to Determine Secured Status Pursuant to 11 U.S.C. § 506, on November 9, 2010 (Docket #22).  The creditor, First National Bank, did *not* object to the Motion.  However, the Standing Chapter 13 Trustee filed an objection to confirmation.  The Standing Chapter 13 Trustee objects to confirmation because the Debtor's Chapter 13 Plan "strips" the second deed of trust  in contravention of the reasoning and holding in *In re Mendoza.*[1]

## II.    Issue

Whether a Chapter 13 debtor may "strip" a wholly unsecured second lien against his residence under 11 U.S.C. § 506 after he has received a discharge of the debt in a prior Chapter 7 bankruptcy case filed less than four (4) years prior to a subsequent Chapter 13 bankruptcy case.

---

[1]    2010 WL 736834 (Bankr.D.Colo. Jan. 21, 2010).

III.   **Discussion**

A.     **A Split of Authority**

Pursuant to 11 U.S.C. § 506(a)(1):

> An allowed claim of a creditor secured by a lien on property in
> which the estate has an interest ... is a secured claim to the extent
> of the value of such creditor's interest in the estate's interest in
> such property ... and is an unsecured claim to the extent that the
> value of such creditor's interest ... is less than the amount of such
> allowed claim.

A claim secured by a lien is secured only to the extent of the value of the property to
which the lien in question attaches and the amount of any senior liens.  If the lien does not attach
to any value, it is void by operation of 11 U.S.C. § 506(d), which provides:

> To the extent that a lien secures a claim against the debtor that is
> not an allowed secured claim, such lien is void...

A split in the case law occurs in cases where a Chapter 13 debtor is ineligible for a
discharge, as here.[2]  Some courts hold that a Chapter 13 debtor may not use 11 U.S.C. § 506(a)
and (d) to "strip" a lien on the debtor's principal residence after receiving a discharge in a prior
Chapter 7 case within 4 years - even if the lien is completely unsecured.  Under these cases,
courts have held that, in effect, by allowing a debtor to avoid the second mortgage by way of 11
U.S.C. § 506, it is tantamount to discharging the second mortgage.  The theory is that this would
allow the Chapter 13 debtors, who had received their discharge under Chapter 7 within the
previous four years, an impermissible second discharge, when they were not otherwise eligible
for discharge in the pending Chapter 13 case.[3]

To the contrary, other courts hold that the Bankruptcy Code does not condition a Chapter

---

[2]     The relevant portion with respect to the availability of a Chapter 13 discharge is found in 11
U.S.C. § 1328(f), which  provides:

> Notwithstanding subsections (a) and (b), the court shall not grant a discharge of
> all debts provided for in the plan or disallowed under section 502 if the debtor
> has received a discharge-
>> (1) in a case filed under chapter 7, 11, or 12 of this title during
>> the 4-year period preceding the date of the order for relief
>> under this chapter, or
>> (2) in a case filed under chapter 13 of this title during the 2-
>> year period preceding the date of such order.

[3]     *See, In re Jarvis,* 390 B.R. 600 (Bankr.C.D.Ill. 2008; *In re Mendoza,* 2010 WL 736834 (Bankr.
D.Colo. 2010); *In re Blosser,* 2009 WL 1064455 (Bankr. E.D. Wis. 2009).

13 debtor's right to "strip off" a wholly unsecured junior lien on the debtor's eligibility for a discharge.[4]  These cases hold that the right is conditioned on the debtor's obtaining confirmation of, and performing under, a Chapter 13 plan, which plan meets all of the statutory requirements.  Nonetheless, these court do, however, examine the "good faith" of the debtor in pursuing the relief requested.

**B.**      *In re Mendoza*

This is a matter of first impression for this Judge.  However, the Chief Judge of the Bankruptcy Court for the District of Colorado, Hon. Howard R. Tallman, has recently issued an opinion on this issue in *In re Mendoza*.  In the decision, Judge Tallman concluded that allowing Chapter 13 debtors to avoid the wholly unsecured second mortgage on their residence less than four (4) years after they received a discharge their Chapter 7 bankruptcy would not comport with Congressional intent.[5]

Judge Tallman concluded that:

(a)      Pursuant to *Dewsnup v. Timm,* 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992), 11 U.S.C. § 506(d) does not change the general rule that a creditor's lien goes through a bankruptcy proceeding unaffected and a Chapter 7 debtor *may not* "strip down" the creditor's otherwise wholly unsecured claim.[6]

(b)      The rights of a wholly unsecured creditor–including one which has a lien on a debtor's principal residence/real property that is otherwise unsecured under section 506(a)–may be modified by a Chapter 13 debtor.[7]

(c)      Where a Chapter 13 debtor is ineligible to receive a discharge in his case— but otherwise fully qualifies for and completely performs under a confirmed Chapter 13 plan—he cannot avoid an otherwise wholly unsecured creditor's lien on his personal residence because of 11 U.S.C. § 1328(f).[8]

Not unimportant in Judgment Tallman's decision is his discussion and concerns

---

[4]      *In re Hill,* 440 B.R. 176 (Bankr. S.D.Cal. 2010); *In re Tran,* 431 B.R. 230, 235 (Bankr. N.D.Cal. 2010); *In re Casey,* 428 B.R. 519 (Bankr. S.D. Cal. 2010); and *In re Grignon,* 2010 WL 5067440 (Bankr. D.Or. Dec. 7, 2010).

[5]      2010 WL 736834 at *5.

[6]      *Id.* at *2.

[7]      *Id., and see* 11 U.S.C. § 1322(b)(2)

[8]      *Id.* at 3 and *see also In re Jarvis,* 390 B.R. 60.

regarding the "good faith" of the debtor.[9]

      **C.**     *In re Tran* **and** *In re Hill*

      After the ruling in *In re Mendoza*, the Bankruptcy Court for the Northern District of California addressed this issue in *In re Tran*.[10]  In *Tran*, the Court observed that:

> [A]lthough § 1325(a) and (b) sets forth numerous requirements for confirmation of a chapter 13 plan, nothing in § 1325 conditions confirmation on the debtor being eligible for a discharge. Moreover, nothing in § 506, § 1322 or any other section of the Bankruptcy Code provides that a chapter 13 debtor's right to modify or strip off liens is conditioned on the debtor being eligible for a discharge.[11]

      Just prior to this Court's hearing in this matter, the Bankruptcy Court in Oregon examined this issue and agreed with the *Tran* analysis:

> [N]othing in the Code prohibits a debtor who is ineligible for a Chapter 13 discharge from filing a Chapter 13 case. Nor is there anything in the Code which prohibits such a debtor from "stripping off" a wholly unsecured lien.[12]

      Further, the United States Supreme Court, in the opinion of *Johnson v. Home State Bank*,[13] where the Court determined that *in rem* claims can be dealt with in a Chapter 13 where the *in personam* claim had been discharged in a Chapter 13, stated reasoning which can be applied by inference to this situation.  In *Johnson*, responding to the Bank's position that the Debtor should not be allowed to address their previously discharged claim in the subsequent Chapter 13, the Court stated:

> We disagree. Congress has expressly prohibited various forms of

---

[9]     Unlike in *Mendoza*, but fully aware that mischief or "bad faith" may be a factor in Chapter 13 lien "stripping," there is no allegation, no hint, of bad faith in this case, and the uncontested facts and circumstances of this case allow an inference the debtor is acting in "good faith" and in genuine, continuing financial distress. Moreover, if there were any finding of a lack of "good faith," that would clearly be a bar to the Chapter 13 confirmation.

[10]     431 B.R. 230 (Bankr. N.D.Cal. 2010) and *see also, In re Hill,* 440 B.R. at 181-182 (following *Tran's* rationale and analysis).

[11]     431 B.R. at 235.

[12]     *In re Grignon*, 2010 WL 5067440 at *3 and 4.

[13]     501 U.S. 78, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991).

serial filings. See, *e.g.,* 11 U.S.C. § 109(g) (no filings within 180 days of dismissal); § 727(a)(8) (no Chapter 7 filing within six years of a Chapter 7 or Chapter 11 filing); § 727(a)(9) (limitation on Chapter 7 filing within six years of Chapter 12 or Chapter 13 filing). The absence of a like prohibition on serial filings of Chapter 7 and Chapter 13 petitions, combined with the evident care with which Congress fashioned these express prohibitions, convinces us that **Congress did not intend categorically to foreclose the benefit of Chapter 13 reorganization to a debtor who previously has filed for Chapter 7 relief**. Cf. *United States v. Smith,* 499 U.S. 160, 167, 111 S.Ct. 1180, 1185, 113 L.Ed.2d 134 (1991) (**expressly enumerated exceptions presumed to be exclusive**).[14]

Importantly, this Court notes that Congress has *not expressly* prohibited a Debtor in a nondischargeable Chapter 13 from availing himself or herself of the benefits of Section 506 lien "stripping." As the *Tran* Court summarized: "[T]he Bankruptcy Code does not condition a chapter 13 debtor's right to strip off a wholly unsecured junior lien on the debtor's eligibility for a discharge and performing under, a chapter 13 plan that meets all of the statutory requirements."[15] Thus, this Court finds the reasoning and analysis of *Tran, Grignon,* and *Hill* to be persuasive and compelling.

Congress has been very particular, exacting and precise in delineating rights, obligations, opportunities and limitations of debtors in bankruptcy and particularly under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. Congress could have easily denied a Chapter 13 debtor's right to "strip off" a wholly unsecured lien on their principal residence, but it has not done so.[16]

Of the two well-reasoned and well-articulated views expressed and exemplified in *Mendoza*, *Tran*, and *Hill,* this Court is persuaded that applicable rules of statutory construction and the Supreme Court's reasoning in *Johnson* dictate according a Chapter 13 debtor in this circumstance a right to avoid a wholly unsecured second lien. Thus, following the "plain

---

[14]       *Johnson,* 501 U.S. at 87, 111 S.Ct. at 2156, 115 L.Ed.2d 66 (emphasis added).

[15]       *Tran,* 431 B.R. at 235. The Tran court observed that bad faith can still be an issue preventing confirmation. Here, the Trustee has not alleged bad faith, and Debtor asserts that he has acted in good faith in filing this Chapter 13 case, and that the availability of the § 506 motion was not the driving force in his filing of his case, but rather a benefit that he seeks since he had to file this case anyway due to the factual circumstances stated above.

[16]       *See Connecticut Nat'l. Bank v. Germain,* 503 U.S. 249, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992) ("Courts must presume that a legislature says in a statute what it means and means in a statute what it says there.").

language" of the statute, this Court concludes that such relief is available to this Debtor.[14] Therefore, if the Debtor's Plan is otherwise confirmable and the Debtor completes his plan, the lien may be "stripped" consistent with 11 U.S.C. § 506.

## IV.   Conclusion and Order

IT IS THEREFORE ORDERED that, in light of the filing of the Amended Chapter 13 Plan on January 31, 2011 (Docket #48), the Amended Chapter 13 Plan filed on December 28, 2010 (Docket # 34) is DENIED as MOOT.

IT IS ORDERED that the Motion to Determine Secured Status Pursuant to 11 U.S.C. § 506 filed on November 9, 2010 (Docket #22) is GRANTED and the Residence is determined to be fully unsecured.

IT IS FURTHER ORDERED that the Standing Chapter 13 Trustee's Objection to Confirmation of Debtor's Amended Chapter 13 Plan (Docket # 46) is OVERRULED.

IT IS ORDERED that the Amended Chapter 13 Plan filed on January 31, 2011 (Docket #48) is GRANTED.

IT HAVING BEEN DETERMINED AFTER NOTICE AND A HEARING:

1. That the Amended Chapter 13 Plan (Docket #48) complies with Chapter 13 and all other applicable provisions of Title 11, United States Code;
2. That any fee, charge, or amount required under Chapter 123 of Title 28, United States Code, or by the Plan, to be paid before confirmation,  has been paid;
3. That the action of the debtor(s) in filing the petition was in good faith;
4. That the Plan has been proposed in good faith and not by any means forbidden by law;
5. That the value, as of the effective date of the Plan, of property to be distributed under the Plan on account of each unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor(s) were liquidated under Chapter 7 of Title 11, United States Code on such date; and
6. That the Plan complies with the provisions of 11 U.S.C. § 1325(a)(5) as to holders of secured claims.
7. That pending motions for valuation of real property collateral and determination of secured status under 11 U.S.C. § 506, if any, have been provided for by separate court order.

IT IS FURTHER ORDERED:

---

[14]     *United States v. Ron Pair,* 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) ("as long as the statutory scheme is coherent and consistent, there generally is no need for a court to inquire beyond the plain language of the statute.").

- The Debtor(s)' Amended Chapter 13 Plan, at Docket #34, is confirmed;
- The Debtor(s) must make payments in accordance with the terms of the Plan.
- Creditors holding liens on property which the Plan specifies is to be surrendered by the Debtor(s) are hereby granted relief from the stay imposed by 11 U.S.C. § 362 and may enforce their rights in and to said property.
- The assumption of executory contracts on the terms stated in the Plan is approved. If the plan provides for the rejection of an executory contract or unexpired lease, the party to the rejected executory contract or lease must file a proof of claim within 30 days of the date of the entry of this Order, failing which the claim may be barred.
- This order binds only those creditors and parties in interest that have been served in accordance with applicable rules.

IT IS FURTHER ORDERED that the continued confirmation hearing scheduled for April 6, 2011 is VACATED.

Dated this 23rd day of March, 2011.

BY THE COURT:

_____

Sidney B. Brooks,
United States Bankruptcy Judge

8